IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DAEDALUS BLUE, LLC,<br><br>              *Plaintiff*,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>              *Defendant*. | Case No. 6:20-cv-1152-ADA<br><br>**JURY TRIAL DEMANDED** |

**JOINT CLAIM CONSTRUCTION STATEMENT**

Pursuant to the Court's Order Governing Proceedings (Dkt. 23), Plaintiff Daedalus Blue, LLC ("Plaintiff") and Defendant Microsoft Corporation ("Defendant"), provide this joint claim construction statement for the claim terms, phrases, or clauses contained in the asserted patents for which the parties seek construction by the Court.

**I.    DISPUTED CONSTRUCTIONS**

    **A.    7,177,886 Patent (Claim 1; Term 1)**

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "producing said acknowledgement signal subsequent to the applying and logging of the selected critical database transaction"<br><br>[proposed by Defendant] | This term should be given its plain and ordinary meaning. | Plain and ordinary meaning, which is "producing the acknowledgement signal in response to the applying and logging of the selected critical database transaction" |

### B.  7,177,886 Patent (Claims 6, 7, 10; Term 2)

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "producing an acknowledgment indicating that the transferred log file entries have been received"<br><br>[proposed by Defendant] | This term should be given its plain and ordinary meaning. | Plain and ordinary meaning, which is "producing the acknowledgment signal in response to the receipt of the transferred log file entries" |

### C.  7,437,730 Patent (Claims 1, 4, 6, 8, 13-16; Term 3)

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "workload(s)"<br><br>[proposed by Defendant] | This term should be given its plain and ordinary meaning. | Plain and ordinary meaning, which is that each workload is "a processing task that is divided" |

### D.  7,437,730 Patent (Claim 1; Term 4)

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "resource management logic to distribute server resources to each of the plurality of virtual machines according to current and predicted resource needs of each of the multiple workloads utilizing the server resources"<br><br>[proposed by Defendant] | This term should be given its plain and ordinary meaning; not means-plus-function, not indefinite.<br><br>Alternatively, to the extent the court construes this term as a means-plus-function, the function is: "distribute server resources to each of the plurality of virtual machines according to current and predicted resource needs of each of the multiple workloads utilizing the server resources."<br><br>Structure is: the global resource allocator in Figs. 1-3 | Under the *Williamson* doctrine, the phrase "resource management logic to distribute server resources to each of the plurality of virtual machines according to current and predicted resource needs of each of the multiple workloads utilizing the server resources" is a means-plus-function phrase under 35 U.S.C. § 112(f).<br><br>Function: "to distribute server resources to each of the plurality of virtual machines according to current and predicted resource needs of |

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | and equivalents thereof (or a processor suitable for a data center programmed to perform the recited function of the global resource allocator). And/or a computer implemented algorithm that performs the following steps: 1. Receive periodic current and predicted workloads from a load balancer (*See e.g.,* '730 Patent, 2:9-19; 2:42-52; 5:32-43; Claim 11, Claim 13), 2. Distribute available server resources to each of the plurality of VMs (*See e.g.*, 3:52-4:38 4:54-59; 5:24-56; Fig. 1) 3. Dynamically adjust the fractions of each of the multiple workloads handled by each of the of the virtual machines (*See e.g.,* 5:24-56, 6:58-7:58, Fig. 3A). And equivalents thereof. | each of the multiple workloads utilizing the server resources." Structure: indefinite. |

### E. 7,437,730 Patent (Claim 1; Term 5)

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "dynamically adjusted" [proposed by Defendant] | This term should be given its plain and ordinary meaning. | Plain and ordinary meaning, which is "shifted, in response to workload changes, from one server to another server" |

## F. 7,437,730 Patent (Claim 13; Term 6)

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "global resource allocator… for receiving said offered workload messages and assigning an optimum matching of combinations of whole integer numbers of workload servers and fractional virtual workload servers that the GRA controls to each of the respective customer workloads according to identified resource requirements"<br><br>[proposed by Defendant] | This term should be given its plain and ordinary meaning. Not means-plus-function.<br><br>Alternatively, to the extent the court construes this term as a means-plus-function, the function is: "receiving said offered workload messages and assigning an optimum matching of combinations of whole integer numbers of workload servers and fractional virtual workload servers that the GRA controls to each of the respective customer workloads according to identified resource requirements."<br><br>Structure is: a computer implemented algorithm that performs the following steps:<br>1. Receive workload messages (*See e.g.,* '730 Patent, 2:9-19; 2:42-52; 5:32-43; Claim 11, Claim 13, Fig. 3A)<br>2. Assign an optimum matching of combinations of whole and fractional virtual workload servers to each of the respective customer workloads. (*See e.g.*, 3:52-4:38 4:54-59; 5:24-56; Fig. 1).<br>And equivalents thereof. | Under the *Williamson* doctrine, this term is a means-plus-function phrase under 35 U.S.C. §112(f).<br><br>Function: "receiving said offered workload messages and assigning an optimum matching of combinations of whole integer numbers of workload servers and fractional virtual workload servers that the GRA controls to each of the respective customer workloads according to identified resource requirements."<br><br>The structure corresponding to the global resource allocator that performs the claimed function is a computer-implemented algorithm that includes the following steps:<br><br>1. Split server resources between VMs evenly to start (*see* '730 Patent, 5:24-56);<br><br>2. Receive measurements and/or prediction data from the load balancer(s) (*see id.,* 2:9-19, 2:42- 52, 5:24-56, Claim 11, Fig. 3A);<br><br>3. Predict what resources are needed by each customer (*see id.,* 5:24-56, Fig. 3A);<br><br>4. Determine if any server capacity would be exhausted based on the predicted resource requirements (*see id.,* 6:58-7:58, Fig. 3A); IF NO GO TO STEP 5; IF YES GO TO STEP 6. |

4

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | | 5. (FROM STEP 4: If no), adjust resource allocation for each of the VMs on all servers to conform with the prediction (*see id.,* 5:24-56, 6:58-7:58, Fig. 3A). |
| | | 6. (FROM STEP 4: If yes), mark the servers as overloaded. Contact the resource control agents at each server with resource assignments for each virtual machine pursuant to a process of moving load from the overloaded servers (*see id.,* 6:58-7:58, Figs. 3A, 3B). |

### G. 8,381,209 Patent (Claim 1; Term 7)

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "enforcing…routing at the hypervisor layer via dynamic updating of routing controls"<br><br>[proposed by Defendant] | This term should be given its plain and ordinary meaning. | "upon migration, automatically changing the routing controls at a hypervisor layer to route network traffic for the virtual machine to the second device" |

### H. 8,572,612 Patent (Claims 1, 3, 6, 8, 11, 13; Term 8)

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "flagging the instance of a VM for autonomic scaling [including termination]"<br><br>[proposed by Plaintiff] | This term should be given its plain and ordinary meaning. | Plain and ordinary meaning, which is "adding a marker to the configuration information for a particular VM occurrence indicating whether that VM occurrence is to be autonomically scaled" |

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "flagging the instance of a VM"  [proposed by Defendant] | | |

### I. 8,671,132 Patent (Claims 1, 9, 15, 21, 23, 25; Term 9)

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "service class rule"  [proposed by Defendant] | This term should be given its plain and ordinary meaning. | Plain and ordinary meaning, which is "a rule implemented by the [data management system] (claims 1, 15, 26), [metadata server] (claim 9) or [computer code executable by a processor] (claim 23) to automatically assign a service class for a file based on an evaluation of the file." |

### J. 8,671,132 Patent (Claims 1, 9; Term 10)

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| "communication module operable to communicate between the file evaluation module and a plurality of remote clients and configured to communicate with clients [comprising at least two different computing platforms] or [of varying computing platforms]"  [proposed by Defendant] | This term should be given its plain and ordinary meaning; not indefinite.  Alternatively, to the extent the court construes this term as a means-plus-function, the function is: "communicate between the file evaluation module and a plurality of remote clients," the "clients [comprising at least two different computing platforms] | Under the *Williamson* doctrine, "communication module operable to communicate. . ." is a means-plus function phrase under 35 U.S.C. § 112(f).  Function: "to communicate between the file evaluation module and a plurality of remote clients and configured to communicate with clients [comprising at least two different computing platforms] |

6

| Term | Plaintiff's Construction | Defendant's Construction |
|---|---|---|
| | or [of varying computing platforms]"  Structure is: a processor and network interface disclosed in Figs. 1, 3-4 and 2:35-38, 5:36-42, etc., and networks (LAN, SAN) disclosed in Figs. 1, 3-4 and 2:28-38, 5:19-36, 6:60-7:4, and the algorithm disclosed in Fig. 3 (320-350), Fig. 4 (420-450), Fig. 6 (630), Fig. 9 (920-930) and corresponding text, and 2:65-3:3, 3:25-27, 9:21-47, 10:4-10, 10:49-63, 11:36-59, 12:42-52, 14:23-32, Cls. 15, 22. And equivalents thereof. | or [of varying computing platforms]" (Claims 1, 9).  Structure: indefinite. |

| | |
|---|---|
| Dated: October 8, 2021 | Respectfully Submitted, |
| */s/ Denise M. De Mory* | */s/ Jared Bobrow* |
| Denise M. De Mory (*Pro Hac Vice*)<br>Cal. Bar No. 168076<br>ddemory@bdiplaw.com<br>Jennifer L. Gilbert (*Pro Hac Vice*)<br>Cal. Bar No. 255820<br>jgilbert@bdiplaw.com<br>Robin Curtis (*Pro Hac Vice*)<br>Cal. Bar No. 271702<br>rcurtis@bdiplaw.com<br>Michael Flynn-O'Brien (*Pro Hac Vice*)<br>Cal. Bar No. 291301<br>BUNSOW DE MORY LLP<br>701 El Camino Real<br>Redwood City, CA 94063<br>Telephone: (650) 351-7248<br>Facsimile: (415) 426-4744<br><br>B. Russell Horton<br>State Bar No. 10014450<br>GEORGE BROTHERS KINCAID & HORTON, L.L.P.<br>114 West 7th Street, Ste. 1100<br>Austin, Texas 78701<br>(512) 495-1400 telephone<br>(512) 499-0094 facsimile<br>rhorton@gbkh.com<br><br>*Counsel for Plaintiff*<br>*Daedalus Blue, LLC* | Barry K. Shelton<br>Texas State Bar No. 24055029<br>SHELTON COBURN LLP<br>311 RR 320, Suite 205<br>Austin, TX 78734-4775<br>bshelton@sheltoncoburn.com<br>Tel: (512) 263-2165<br>Fax: (512) 263-2166<br><br>Jared Bobrow (*Pro Hac Vice*)<br>(CA State Bar No. 133712)<br>Jacob M. Heath (*Pro Hac Vice*)<br>(CA State Bar No. 238959)<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>Tel: (650) 614-7400<br>Fax: (650) 614-7401<br>jbobrow@orrick.com<br>jheath@orrick.com<br><br>*Counsel for Defendant Microsoft Corporation* |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2021, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the ECF system and has been served on all counsel of record who are deemed to have consented to electronic service via the court's CM/ECF system.

                                    */s/ Denise M. De Mory*
                                    Denise M. De Mory