IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **DAEDALUS BLUE, LLC,**<br>*Plaintiff* | § § § § § § § § § § § | **W-20-CV-01152-ADA** |
| -vs- | | |
| **MICROSOFT CORPORATION,**<br>*Defendant* | | |

### ORDER DENYING MICROSOFT CORPORATION'S OBJECTIONS TO AND APPEAL FROM MAY 12, 2022 NON-DISPOSITIVE ORDER OF MAGISTRATE JUDGE

Before the Court is Defendant Microsoft Corporation's ("Microsoft") Objections to and Appeal from the May 12, 2022 Non-dispositive Order of Magistrate Judge. ECF No. 64. Plaintiff Daedalus Blue, LLC's ("Daedalus") Opposition to Defendant's Motion was timely filed in response. ECF No. 66. Microsoft filed a Notice of Supplemental Authority. ECF No. 67. Having considered all the relevant briefing, the Court **DENIES** Microsoft's Objection.

### I.    BACKGROUND

On April 18, 2022, the court held a sealed discovery hearing on requests to compel discovery raised by both Daedalus and Microsoft. ECF No. 61 at 1. A follow-up hearing was held on April 26, 2022, concerning Microsoft's first request. *Id*. Subsequently, the Court held another sealed discovery hearing on May 11, 2022, on related issues. *Id*.

Of the numerous discovery issues, Microsoft objects to and appeals Magistrate Judge Gilliland's Discovery Order holding that "communications reflecting negotiations or drafts of unconsummated agreements are not discoverable absent a further showing of good cause." ECF No. 64 at 1–2 (quoting ECF No. 61 at 4). Microsoft sought production of documents and email

1

communications exchanged with third parties regarding Daedalus's attempts to commercialize enforce, sell, monetize, or license the Asserted Patents. ECF No. 61 at 2. On May 12, 2022, the Court issued an order consolidating the Court's ruling from all of the hearings. ECF No. 61 at 1 (the "Order"). In this Order, with regard to the communications about prospective monetization or licensing of the patents, the Court held that the identity of the parties contacted about a license to the Asserted Patent are discoverable, as are any final consummated agreements that include the Asserted Patents. ECF No. 61 at 4. Additionally, the Court held that communications reflecting negotiations or drafts of unconsummated agreements are not discoverable absent a further showing of good cause. ECF No. 61 at 4.

On May 26, 2022, Microsoft filed an objection to and appeal from the Court's May 12, 2022 Order. ECF No. 64. Microsoft argued that Magistrate Judge Gilliland's Discovery Order, regarding the communications about prospective monetization of licensing of the patents, was clearly erroneous or contrary to law. ECF No. 64 at 1. In addition, Microsoft argued the Discovery Order incorrectly applies a heightened standard of "good cause" for documents and communications reflecting Daedalus's efforts to monetize the Asserted Patents. ECF No. 64 at 2.

## II.    STANDARD OF REVIEW

"A magistrate judge's determination regarding a nondispositive matter is reviewed under the 'clearly erroneous or contrary to law' standard." *Baylor Health Care Sys. v. Equitable Plan Serves.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

The "clearly erroneous" standard applies to the magistrate judge's findings of fact. *See Baylor Health Care Sys.*, 955 F. Supp. 2d at 689. That standard is a "highly deferential" one; the Court must affirm the Magistrate's decision unless "on the entire evidence [the Court] is left with

a definite and firm conviction that a mistake has been committed." *Gomez v. Ford Motor Co.*, 2017 WL 5201797, at *2 (W.D. Tex. April 2017) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotations omitted). In other words, even were the Court disposed to differ with the Magistrate, such a difference of opinion would not alone entitle it to reverse or reconsider the Order. *Id*. (citing *Guzman v. Hacienda Records & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015)).

On the other hand, a magistrate judge's legal conclusions are reviewed *de novo* under the less stringent "contrary to law" standard. *See id.*; *Gandee v. Glasser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994) (citing 28 U.S.C § 636(b)(1)(A); Fed. R. Civ. P. 72(a)); *Fogel v. Chestnutt*, 668 F.2d 100, 116 (2d Cir. 1981), *cert. denied sub nom*. *Currier v. Fogel*, 459 U.S. 828 (1982).

### III.   LEGAL STANDARD

#### A.   Relevance of Discovery

Parties are permitted discovery of any non-privileged material relevant to a party's claim of defense that is proportional to the needs of the case. *See, e.g.,* Fed. R. Civ. P. 26(b)(1); *Hawkins v. AT&T*, 812 F. App'x 215, 218 (5th Cir. 2020) ("the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'") (quoting *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011)).

The Federal Rules of Civil Procedure grant the courts broad discretionary powers. According to Rule 26(b)(2)(C), the court must limit the extent of discovery otherwise allowed by the rules, or by local rule, if it determines that the proposed discovery is outside the scope permitted by Rule 26(b)(1). Furthermore, even when a party shows information is not readily

accessible because of undue burden or cost, the court may nonetheless order discovery from it if the requesting party shows good cause. Fed. R. Civ. P. 26(b)(2)(B).

With respect to whether records of unconsummated negotiations should be discoverable, the courts are currently split. Courts have both required and not required parties to produce documents regarding unconsummated negotiations. In *Phoenix Sols. Inc. v. Wells Fargo Bank, N.A.*, the plaintiff was ordered to produce documents regarding settlement negotiations as relevant to show plaintiff's view of infringement, reasonable royalty, invalidity, and licensing over time. 254 F.R.D. 568, 582–85 (N.D. Cal. 2008). Courts have ordered the production of "ongoing and unconsummated patent licensing communications with third parties in the absence of a consummated agreement" because they are "relevant to whether prior licenses are comparable and to the calculation of a reasonable royalty." *High Point Sarl v. Sprint Nextel Corp.*, No. 09-2269-CM-DJW, 2012 U.S. Dist. LEXIS 59529, at *28–29 (D. Kan. Apr. 30, 2012).

On the other hand, the court in *Mondis Tech., Ltd. V. LG Elecs., Inc.*, found unconsummated settlement negotiation communications not to be discoverable for multiple reasons. No. 2:07-CV-565-TJW-CE, 2011 WL 1714304, at *5 (E.D. Tex. May 4, 2011). That court and others have subsequently held that "plaintiff's 'ongoing or unconsummated settlement and licensing negotiations with the patent-in-suit are not discoverable' because they are unreliable absent a final decision and may have a chilling effect on ongoing settlement negotiation." *See, e.g., Sol IP, LLC v. AT&T Mobility, LLC*, No. 2:18-cv-00526-RWS-RSP, 2020 WL 60140, at *3 (E.D. Tex. Jan. 6, 2020) (citing *Mondis*); *Bergstrom, Inc. v. Glacier Bay, Inc.*, No. 08-50078, 2010 WL 257253, at *2–3 (N.D. Ill. Jan. 22, 2010). In *Hemphill v. San Diego*

4

*Ass'n of Realtors, Inc.*, the court stated, "discovery of evidence pertaining to settlement negotiations is appropriate only in rare circumstances." 225 F.R.D. 616, 620 (S.D. Cal. 2005).

## IV.     ANALYSIS

As previously mentioned, to be reversed, rulings on issues of fact must be found "clearly erroneous," whereas rulings regarding issues of law must be found "contrary to law." Before the Judge were issues of both fact and law. The issues of fact were whether the unconsummated negotiations were relevant or "unreliable" sources due to their lack of finality, and if they were, whether they were "too burdensome" by way creating a "chilling effect on current negotiations." There are two issues of law. First, the courts are currently split with respect to whether records of unconsummated negotiations should be discoverable. Second, whether a magistrate judge has the discretion to implement a good cause standard in discovery.

Because the magistrate judge operated within the court's discretion with respect to the relevance and burden of discovery, and because the courts are currently split with respect to whether records of unconsummated negotiations should be discoverable, this Court cannot find that the magistrate judge's holding regarding relevance is either "clearly erroneous" or "contrary to law." In addition, because the magistrate judge has the discretion to implement a good cause standard in discovery, the Court does not find that the magistrate judge's holding was "contrary to law."

Microsoft argues the Court should compel Daedalus's production of the discovery at issue because it is relevant to the value of the patents and damages. ECF No. 64 at 5. Microsoft cites "in [the] absence of [a] consummated agreement," courts have ordered production of ongoing and unconsummated patent licensing communications with third parties. ECF No. 64 at 6. In the present case, Daedalus has provided one license that arose out of settlement.

In response, Daedalus argues unconsummated settlement negotiations are not discoverable because they are unreliable absent a final decision and may have a chilling effect in ongoing negotiations. ECF No. 66 at 3.

In reply, Microsoft provided supplemental authority from the Eastern District of Texas where the court found that offered rates (unconsummated negotiations) may be acceptable if properly considered. ECF No. 67 at 1.

Given the standard of review, the Court finds the Magistrate Judge operated within the Court's discretion in gauging the relevance and burden of discovery as set by the Federal Rules of Civil Procedure and holdings of its sister courts. Therefore, the Order is not "clearly erroneous." Furthermore, since the courts are currently split with respect to whether records of unconsummated negotiations should be discoverable, and since the Magistrate Judge ruled based on the *Mondis* line of cases—one of the two lines of cases available—this Court cannot find that the Magistrate Judge's holding regarding relevance is "contrary to law." Of course, a split in holdings does not in and of itself justify rulings that are "contrary to law." However, courts differ in determining the relevance of unconsummated settlement negotiations due to unreliability and their impact in ongoing negotiations. For this reason, this Court, and others, tend to decline entertaining discovery requests for such negotiations absent justifiable facts. Accordingly, any notion of a heightened "good cause" threshold is not tied to elevating the relevance standard; instead, the Court seeks "good cause" or reasons to justify how generally unreliable settlement negotiations raise the discovery request to the threshold relevance standard.

Microsoft also argues Daedalus failed to show the requested documents are not proportional to the needs of the case, nor that Daedalus explained why a protective order would be insufficient to avoid any such concerns about the chilling effects of ongoing negotiations.

ECF No. 64 at 6. But both of these requirements are circumvented by the Court's denial based on relevance and reliance on the reasoning in *Mondis*, which provides that unconsummated negotiations are not discoverable because they are "unreliable absent a final decision." *See, e.g., Sol IP, LLC v. AT&T Mobility, LLC*, No. 2:18-cv-00526-RWS-RSP, 2020 WL 60140, at *3 (E.D. Tex. Jan. 6, 2020) (citing *Mondis*); *Bergstrom, Inc. v. Glacier Bay, Inc.*, No. 08-50078, 2010 WL 257253, at *2–3 (N.D. Ill. Jan. 22, 2010). Quite simply, "the communications have less context and therefore less probative value. For example, one party in the negotiation may be puffing by making certain communications." *Mondis*, 2011 WL 1714304, at *5. This reasoning, upon which Judge Gilliland relied, sufficiently supports the Order such that Microsoft's objections and appeal are without merit. Moreover, even under a *de novo* standard of review, this Court would have reached the same outcome.

## V.     CONCLUSION

For the reasons stated above, Defendant Microsoft Corporation's Objections to and Appeal from May 12, 2022 Non-Dispositive Order of Magistrate Judge (ECF No. 64) are **OVERRULED** and **DENIED**.

SIGNED this 1st day of August, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE